UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ESTATE OF HANA KIMURA, | Case No. 20-mc-80185-JCS<br><br>**ORDER TO SHOW CAUSE** |

On October 22, 2020, The Court granted the Ex Parte Application of the Estate of Hana Kimura ("Application") for an order pursuant to 28 U.S.C. § 1782 permitting discovery for use in a foreign proceeding without prejudice to any argument that may be asserted in a motion to quash by Twitter, Inc. or the individuals whose identifying information was sought. Dkt. No. 4.  In that Order, the Court gave Twitter thirty days from the date it received the subpoena to bring a motion to quash or modify the subpoena in this Court.  Twitter was also ordered to give notice to the account holders within that same period, and the account holders were given thirty days to bring a motion to quash.  The Court further ordered that "[i]f sixty (60) days have passed since service of the subpoena on Twitter, Inc. and no motion to quash or modify the subpoena has been filed, Twitter, Inc. shall have ten (10) days to produce to the Estate of Hana Kimura information responsive to the subpoena." *Id.*

The Estate of Hana Kimura has filed a motion and supporting declaration indicating that Twitter has found two of the accounts at issue but has refused to turn over basic identifying information until the Court conducts a "First Amendment analysis."  Azimy Decl. at 2.  A proof of service filed by the Estate of Hana Kimura reflects that the subpoena was served on Twitter on

October 26, 2020. Dkt. No. 5. As no motion to quash was filed, the deadline for responding to the subpoena was January 4, 2021.

Therefore, Twitter is **ORDERED TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT OF THE COURT'S OCTOBER 22, 2020 ORDER** because it has refused to produce the information required under the Court's Order and no motion to quash has been filed. Twitter shall file a written response by **February 19, 2021**. To the extent it contends it is entitled to a "First Amendment analysis" by the Court before turning over the information required under the subpoena, it should address: 1) why any such request is not untimely given the thirty-day deadline set by the Court; 2) what authority authorizes the Court to conduct "a First Amendment analysis" where neither Twitter nor the account holders have brought a motion to quash or argued that the First Amendment protects the information that the Estate of Hana Kimura seeks under the circumstances of this case; and 3) why such an analysis would not constitute an improper advisory opinion that does not relate to an actual case or controversy.

In lieu of responding to this Order, Twitter may submit an affidavit showing that it has complied with the subpoena and the Court's October 22, 2020 Order by producing the information requested by the Estate of Hana Kimura.

**IT IS SO ORDERED.**

Dated: February 12, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge